**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **American Premium Investments, LLC,** : | |
| Plaintiff, : | |
| v. : | Case No. 2:11-cv-167 |
| : | **JUDGE ALGENON L. MARBLEY** |
| **Midwest Real Estate Consultants, LLC, et al.,** : | Magistrate Judge Kemp |
| Defendants. : | |

## ORDER

On February 23, 2011, plaintiff filed this action. After obtaining service of process on the defendants, it filed a motion for a default judgment. However, it did not first obtain an entry of default.

As Judge Frost of this Court explained in *Hickman v. Burchett*, 2008 WL 926609, *1 (S.D. Ohio April 04, 2008),

> Plaintiff's request is procedurally flawed.
>
> The docket fails to indicate that, prior to seeking a default judgment, Plaintiff first obtained from the clerk an entry of default as contemplated by Rule 55(a). An entry of default is distinct from entry of a default judgment. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir.2003); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2692 (3rd ed. 2003); S.D. Ohio Civ. R. 55.1(b). By asking for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in the Rule. *See Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S .D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)."). *See also Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F.Supp.2d 998, 1003 (N.D.Iowa 2003) ("'entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)'" (*quoting Hayek v. Big Brothers/Big Sisters of America*, 198 F.R.D. 518, 520 (N.D.Iowa 2001))); *Lee v. Brotherhood of Maint. of Way Employees-Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 380 (D.Minn.1991) ("an entry of default is a prerequisite to a default judgment under Rule 55(b)"). The Court therefore cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib., Inc.*, 340 F.3d. at 352 (" 'Rule 55

permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter default judgment.' " (Emphasis added)) (*quoting Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir.2002)).

For the same reasons, the motion for default judgment filed in this case is premature. That motion (#5) is therefore **DENIED WITHOUT PREJUDICE** to its reassertion should the plaintiff first obtain an entry of default against the defendants.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: June 28, 2011**